**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FIREMAN'S FUND INSURANCE COMPANY, as subrogee of KEELEY & SONS, INC.,** ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0236-MJR |
| ) | |
| **BELLON WRECKING & SALVAGE COMPANY,** ) ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Fireman's Fund Insurance Company filed suit in this Court against Bellon Wrecking & Salvage Company in March 2009. On March 8, 2010, United States Magistrate Judge Philip M. Frazier canceled the settlement conference set in this case because the case had settled. The parties were ordered to jointly move for stipulated consent judgment by no later than March 31, 2010. *See* Doc. 24. Because the parties were to enter the stipulated consent judgment, no 60-day order was entered.

Plaintiff did not attempt to file the Joint Motion to Approve Consent Judgment until April 6, 2010, and the document filed at that time was stricken because the certificate of service was missing. Docs. 27, 28. The motion, re-filed on April 9, 2010, was denied by the Court because it lacked a computation of interest, attorneys' fees and costs. To date, the parties have failed to submit a consent judgment. The matter is set for final pretrial conference on June 11, 2010, and jury trial on July 12, 2010.

In order to maintain control of its calendar and "achieve the orderly and expeditious disposition of cases," a court has the inherent power to require the parties to proceed with diligence.

*Lee v. Deloitte & Touche LLP,* 428 F.Supp.2d 825, 831-32 (N.D.Ill. 2006) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("**Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.") (additional citations omitted)**).  Considering the procedural history of this case, the unexplained delay, the parties' lack of attention to this matter and the requirements of the Court's calendar, the Court finds that dismissal for want of prosecution is warranted.

Accordingly, the Court **DISMISSES this case without prejudice,** based on Plaintiff Fireman's Fund Insurance Company's failure to prosecute.

**IT IS SO ORDERED.**

**DATED this 27th day of May, 2010**

                                                          **s/Michael J. Reagan**
                                                          **MICHAEL J. REAGAN**
                                                          **United States District Judge**